UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| QINGDAO TANG-BUY INTERNATIONAL IMPORT & EXPORT COMPANY, LIMITED,<br><br>    Plaintiff,<br><br>    v.<br><br>PREFERRED SECURED AGENTS, INC., et al.,<br><br>    Defendants. | Case No. 3:15-cv-00624-LB<br><br>**ORDER SETTING ASIDE ENTRY OF DEFAULT** |

## INTRODUCTION

Qingdao Tang-Buy International Import & Export Company sued the defendants for breach of contract and fraud.[1] In its Second Amended Complaint ("SAC"), Qingdao named Glenn Hartman as a defendant.[2] Mr. Hartman did not answer or otherwise respond to the complaint within 21 days after service of process.[3] The clerk of court thus entered default against him.[4] Mr. Hartman appeared in May 2016 and moved to set aside the entry of default.[5] Qingdao opposed the motion.[6]

---

[1] Complaint – ECF No. 1.

[2] SAC – ECF No. 83.

[3] *See generally* Docket.

[4] Entry of Default – ECF No. 92.

[5] Motion to Appear by Telephone – ECF No. 99; *see* Order – ECF No. 117.

ORDER (No. 3:15-cv-00624-LB)

1  The court can determine this matter without oral argument pursuant to Civil Local Rule 7-1(b).
2  The court grants the motion for good cause shown and sets aside the entry of default.

## GOVERNING LAW

The district court has discretion to set aside a default or a default judgment. Fed. R. Civ. P. 55(c), 60(b); *Brandt v. Am. Bankers Ins. of Florida*, 653 F.3d 1108, 1111-12 (9th Cir. 2011). More specifically, under Rule 55(c), a court may set aside an entry of default for "good cause." *See United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) ("*Mesle*"). To determine whether a defendant has shown good cause to justify vacating entry of default, a court considers three factors: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant lacked a meritorious defense; and (3) whether reopening the default would prejudice the plaintiff. *See id.* (citing *Franchise Holding II, LLC v. Huntington Rests. Group., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004)). This standard is disjunctive, meaning that the court may deny the request to vacate default if any of the three factors is true. *See Mesle*, 615 F.3d at 1091 (citing *Franchise Holding II*, 375 F.3d at 925). "Crucially, however, 'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

When considering whether to vacate entry of default under Rule 55(c), the court's "underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Fund v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). The inquiry "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Brandt*, 653 F.3d at 1111 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd.*, 507 U.S. 380, 395 (1993)). The decision ultimately lies in the discretion of the court. *Brandt*, 653 F.3d at 1111-12.

---

[6] Opposition – ECF No. 118.

As the party seeking to set aside entry of default, a defendant bears the burden of showing good cause under this test. *Hawaii Carpenters' Trust Fund*, 794 F.2d at 513-14. To ensure that cases are decided on the merits whenever possible, the court resolves any doubt regarding whether to grant relief in favor of vacating default. *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).

## ANALYSIS

### 1. Mr. Hartman Did Not Act Culpably

The first question under Rule 55(c) is "whether [the defendant] engaged in culpable conduct that led to the default." *Mesle*, 615 F.3d at 1091. "[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer" or otherwise defend the action. *Id.* at 1092 (quoting *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original)); Fed. R. Civ. P. 55(a).

The parties do not dispute that Mr. Hartman knew of the pendency of the lawsuit.[7] They dispute whether he intentionally failed to answer the lawsuit or acted in bad faith.[8] "[C]onduct [is] culpable . . . where there is no explanation of the default *inconsistent with* a devious, deliberate, willful, or bad faith failure to respond." *TCI Group*, 244 F.3d at 698 (emphasis added).

The following is the timeline. Qingdao served Mr. Hartman with the complaint on January 27, 2016.[9] Around February 1, defense counsel Hal Reiland was hospitalized; his wife notified the court and opposing counsel, and the court adjusted the case's schedule.[10] A week later, Mr. Reiland sent Mr. Hartman an email stating that he notified the court of his hospitalization, the case was on hold, and he planned to represent him in the pending matter in federal court unless Mr. Hartman decided to seek other counsel.[11] Qingdao moved for entry of default on March 8, and the

---

[7] Keegan Decl. – ECF No. 101-1 at 3, n.2.
[8] Opposition to Motion to Set Aside Default – ECF No. 118 at 12.
[9] *See* Certificate of Service – ECF No. 87 at 2.
[10] Keegan Decl. – ECF No. 101-1 at 3; *see* Docket.
[11] Hartman Decl., Ex. A – ECF No. 123-1 at 2.

ORDER (No. 3:15-cv-00624-LB)                3

clerk entered default two days after.[12] Mr. Hartman stated that he "understood that Mr. Reiland would represent him in connection with responding to the Second Amended Complaint."[13] Mr. Hartman also stated that Mr. Fang, Qingdao's attorney, never contacted him before moving for entry of default.[14]

This context weighs in favor of setting aside default.

**2. Mr. Hartman May Have a Meritorious Defense**

With respect to the second factor — whether the defendant lacked a meritorious defense — a defendant must allege "specific facts" that, if true, would constitute a defense. *See Mesle*, 615 F.3d at 1094 (citing *TCI Group*, 244 F.3d at 700). Although in this regard the burden on the defendant is "not extraordinarily heavy," *Mesle*, 615 F.3d at 1094 (citing *TCI Group*, 244 F.3d at 700), "[a] 'mere general denial without facts to support it' is not enough to justify vacating a default or default judgment," *Franchise Holdings II*, 375 F.3d at 926.

Here, Mr. Hartman obviously has not answered the complaint.[15] He did file a case-management statement on May 26, 2016.[16][17] In it, Mr. Hartman alleges that the one claim against him — civil conspiracy to fraudulently transfer assets — relies on a judgment obtained by defendant RBA against defendant PSA in state court.[18] Mr. Hartman alleges as a defense that that judgment was recently "extinguished" and therefore is no longer valid.[19] Also, the court is generally familiar with the case and believes that this factor supports setting aside default.

---

[12] *See* Motion for Entry of Default – ECF No. 91;

[13] Keegan Decl. – ECF No. 101-1 at 4.

[14] *Id.*

[15] *See generally* Docket.

[16] Case Management Statement – ECF No. 101.

[17] Order – ECF No. 117 at 3.

[18] Case Management Statement – ECF No. 101 at 4.

[19] *Id.*

**3. There Is No Unfair Prejudice**

At this stage in the case, the court cannot see how setting aside the default will cause unfair prejudice to Qingdao.

## CONCLUSION

The court grants the motion to set aside default. Mr. Hartman must file his answer within 21 days. Given the delays in the case to date, the court would appreciate it if he filed the answer sooner. The pleadings need to be settled so that the case can move through discovery to the merits.

**IT IS SO ORDERED.**

Dated: August 3, 2016

_____
LAUREL BEELER
United States Magistrate Judge