UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| QINGDAO TANG-BUY INTERNATIONAL IMPORT & EXPORT COMPANY, LIMITED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PREFERRED SECURED AGENTS, INC., et al.,<br><br>　　　　Defendants. | Case No. 15-cv-00624-LB<br><br>**AMENDED ORDER**[1]<br>Re: ECF Nos. 308, 309 |

**INTRODUCTION**

The parties settled this lawsuit pursuant to an oral settlement that the parties reached on June 29, 2017, at a settlement conference with Chief Magistrate Judge Joseph C. Spero. The parties placed the settlement on the record.[2] The parties filed two crossing motions to enforce the settlement. Plaintiff Qingdao Tang-Buy ("Tang-Buy") asserts that the defendants breached the settlement agreement because they have not dismissed an active cross-complaint pending in Alameda Superior Court: *Retail Business Associates, LLC v. Preferred Secured Agents, Inc.*, Case

---

[1] This amended order clarifies facts on pages 3 and 4 about the state lawsuit and the timeline of the state-bar complaint, makes minor edits, and otherwise is unchanged from the initial order enforcing the settlement. *See* Order – ECF No. 324. Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *See* Transcript – ECF No. 295.

AMENDED ORDER – No. 15-cv-00624-LB

No. HG14751249.[3] The defendants counter that (1) Tang Buy's counsel breached the settlement release by filing a complaint against the defendants' counsel with the California state bar, and (2) third-party Michael Kule breached the agreement by his late payment of the settlement amount to Tang-Buy. They thus want to pursue this lawsuit and the state case.[4]

The court enforces the settlement agreement, grants the plaintiff's motion, denies the defendants' motion, and directs the defendants to comply with the settlement agreement and dismiss the state lawsuit.

## STATEMENT

The court's prior orders describe the parties' contract disputes and allegations of fraud.[5] The court assumes familiarity with them. The parties settled their state and federal lawsuits in a settlement that they achieved with Judge Spero, who read all terms into the record. He first listed the parties:

> The parties are Qingdao Tang Buy International Import and Export Company and Mike Tian, Preferred Secured Agents, Inc., and Mark Cardinale, and Hal Reiland, and Glenn Hartman, as well as Retail Business Associates, LLC.
>
> In addition, the other parties to the settlement are Galaxy Custom House, Inc., Great Central Transport, Inc., Silvano Mizrahi and Mizrahi Enterprises, Inc., as well. Mike Kule is also a party to the settlement, as is non-party AFA Sourcing limited.[6]

He then recited the parties' agreement that they would pay individual settlement amounts within 60 days of the settlement date to the Mark Fang trust account in the following amounts:[7] Mr. Hartman: $40,000; Mr. Kule: $30,000; Galaxy: $7,500; Great Central: $15,000; Mr. Mizrahi: $15,000; and Mr. Reiland and Mr. Cardinale (jointly and severally): $10,000.[8] The court stated:

> Okay. The other payments are each individual, are separate payments.
>
> That is to say, if you make one of the payments that you're assigned, then you are not in breach of the settlement. If you don't make the payment, then you are in breach

---

[3] Motion – ECF No. 309.

[4] Motion – ECF No. 308.

[5] Orders – ECF Nos. 73, 130, 186–89, 210, 240.

[6] Transcript – ECF No. 295 at 6.

[7] *Id.* at 7.

[8] *Id.* at 7–8.

AMENDED ORDER – No. 15-cv-00624-LB        2

> of the settlement, but no one else is in breach of the settlement just because you did. So if one person pays and the other doesn't, the only person that's in breach is the person who does not pay. They're separate payments.

The parties agreed that Good Central could keep the goods that it possessed.[9]

Judge Spero recited the parties' agreement about dismissal of the state and federal cases and the release:

> This case will be dismissed in its entirety with prejudice. Each side will bear their own attorneys' fees and costs. In addition, the Alameda County case styled *RBA v. Preferred*, number HG-14751249 will be dismissed in its entirety with prejudice. Each side will bear their own attorneys' fees and costs.
>
> For the release, all parties and non-party AFA Sourcing Limited, on behalf of themselves, their lawyers, their employers, their affiliate and related companies, their officers, their directors, their employees, their agents, all release each other and all of their lawyers, employers and affiliates, and related companies and their officers, directors, employees and agents, from all claims, known or unknown, arising out of any events occurring through today other than the settlement agreement, and they all waive California Civil Code section 1542, which otherwise would prohibit the release of unknown claims.

All attorneys and parties agreed on the record to the terms of the settlement.[10] They also agreed that the undersigned would retain jurisdiction to enforce the agreement.[11]

Retail Business Associates ("RBA") filed a state lawsuit in December 2014 that was predicated on a Confession of Judgment. The court's earlier orders describe the context.[12] According to Tang-Buy, the Confession of Judgment was "collusive."[13] It thus filed a Complaint in Intervention in June 2015 to set aside the Judgment.[14] On April 26, 2016, after an evidentiary hearing, the Alameda County Superior Court set aside the Judgment.[15] RBA then filed a cross-complaint against Tang-Buy and other parties.[16]

---

[9] *Id.* at 8.

[10] *Id.*

[11] *Id.*

[12] *See, e.g.*, Order – ECF No. 188 at 2–3.

[13] *Id.*; *see* Short Decl. in Opp. to Request for Reconsideration – ECF No. 329 at 2 (¶ 1).

[14] *Id.*

[15] *Id.*

[16] *Id.*

AMENDED ORDER – No. 15-cv-00624-LB 3

Tang-Buy's counsel apparently brought the Confession of Judgment, which was filed by Mr. Reiland, "to the attention of the State Bar in December 2015, and had continued communications with that office on the same subject in 2016."[17] "Counsel for Tang-Buy re-initiated contact with the State Bar concerning Mr. Reiland in 2017, after the settlement was entered into."[18] Mr. Reiland states: "According to the State Bar, the complaint was dated August 21, 2017."[19]

All parties made timely payments to the Mark Fang trust account except Mr. Kule, who made his payment late.[20] According to Mr. Kule, it "is undisputed that counsel for Tang-Buy agreed to a payment plan and that Mr. Kule made a payment within the extended time frame the parties agreed to."[21]

The plaintiff and defendants then filed crossing motions to enforce the settlement-agreement.[22] The court held a hearing on December 14, 2017.[23]

## GOVERNING LAW

"[I]n the usual litigation context . . . courts have inherent power summarily to enforce a settlement agreement with respect to an action pending before it; the actual merits of the controversy become inconsequential." *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978); *accord In re City Equities Anaheim, Ltd. v. Lincoln Plaza Dev. Co.*, 22 F.3d 954, 957 (9th Cir. 1994) (Because of "the high judicial favor accorded the voluntary settlement of disputes," a "trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it.") (quotations omitted); *see also Callie v. Near*,

---

[17] *Id.* at 3 (¶ 3).
[18] *Id.*
[19] Request for Reconsideration – ECF No. 325 at 2.
[20] Motion – ECF No. 309 at 9.
[21] Opp. – ECF No. 310 at 2.
[22] Motions – ECF No. 308, 309.
[23] Minute Entry – ECF No. 323.

AMENDED ORDER – No. 15-cv-00624-LB            4

829 F.2d 888, 890 (9th Cir. 1987). This power extends to oral agreements reached in open court. *Doe v. Halekulani Corp.*, 276 F.3d 1131, 1138 (9th Cir. 2002).

To be enforced, a settlement agreement must meet two requirements. First, it must be a "complete agreement." *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994); *see Callie*, 829 F.2d at 890. Second, both parties must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute. *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144–45 (9th Cir. 1977).

"A settlement agreement is treated as any other contract for purposes of interpretation." *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992). Accordingly, "[t]he construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Id*. (quotation omitted). "This is true even though the underlying cause of action is federal." *Id*. (citations omitted). "Under California law, the intent of the parties determines the meaning of the contract. The relevant intent is 'objective' — that is, the intent manifested in the agreement and by surrounding conduct — rather than the subjective beliefs of the parties. For this reason, the true intent of a party is irrelevant if it is unexpressed." *Id*. (citations omitted).

## ANALYSIS

The case is still pending. The court has jurisdiction to enforce the settlement agreement.

The court grants Tang-Buy's motion and orders RBA to dismiss the state lawsuit. It is a material term of the settlement. The court denies the defendants' motion to release them from the settlement terms based on Mr. Kule's late payment. The late payment is not material, and Tang-Buy worked out a different payment schedule. *See Troyk v. Farmers Group*, 171 Cal. App. 4th 1305, 1352 (2009) ("[a]n essential element of a breach of contract are damages resulting from the breach"). Also, under the settlement's terms, it is Tang-Buy who can declare a breach, and then only against Mr. Kule. The court denies the defendants' motion to the extent that it is based on the claims to the state bar. The release cannot fairly be construed to cover a state-bar complaint. For one, unlike *RBA* state lawsuit, the parties did not reference the state-bar complaints made in 2015
AMENDED ORDER – No. 15-cv-00624-LB     5

and 2016. Also, the parties released "all claims, known and unknown, arising out of any events occurring through today [June 29, 2017]. . . ."[24] This release does not obviously cover post-settlement complaints. In any event, the state-bar complaints are privileged.

The "litigation privilege," codified at California Civil Code § 47(b), provides that "[a] privileged publication or broadcast is one made . . . [i]n any . . . judicial proceeding . . . ." "The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg v. Anderson*, 50 Cal.3d 205, 212 (Cal. 1990). The privilege is "absolute and applies regardless of malice." *Jacob B. v. County of Shasta*, 40 Cal. 4th 948, 955–56 (Cal. 2007) (citations omitted). "The privilege 'applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even [if] the publication is made outside the courtroom and no function of the court or its officers is involved.'" *Id.* at 955 (quoting *Silberg*, 50 Cal. 3d at 212). The litigation privilege extends to quasi-judicial proceedings. *Ascherman v. Natanson*, 23 Cal. App. 3d 861, 867 (1972). Accordingly, a complaint to the state-bar association "is as privileged as statements made during the course of formal discovery proceedings." *Chen v. Fleming*, 147 Cal. App. 3d 36, 40 (1983); *see also Katz v. Rosen*, 48 Cal. App. 3d 1032, 1036 (1975). "[W]hether the litigation privilege applies to an action for breach of contract turns on whether its application furthers the policies underlying the privilege." *Wentland v. Wass*, 126 Cal. App. 4th 1484, 1492 (2005).

The initial state-bar inquiry preceded the settlement and is not referenced in the release. Regardless, the subsequent state-bar inquiries are privileged. The defendants contend that the litigation privilege does not apply because Mr. Fang's complaint "is based untruthful and frivolous claims."[25] The ultimate merits of the complaint are not relevant.

---

[24] Transcript – ECF No. 295 at 8.

[25] Opp. – ECF No. 312 at 6.

## CONCLUSION

The court grants the plaintiff's motion and orders the defendants to dismiss the cross-complaint pending in the Alameda Superior Court, captioned *Retail Business Associates, LLC v. Preferred Secured Agents, Inc.*, No. HG14751249. The court denies the defendants' motion. The parties must file their stipulated dismissal within seven days of this order. The court reminds the parties that they must include in their stipulation that the court retains jurisdiction to enforce the settlement. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378, 381–82 (1994); *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014).

**IT IS SO ORDERED.**

Dated: January 3, 2018

_____
LAUREL BEELER
United States Magistrate Judge